# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PAUL D. LATHAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:12CV813 CEJ |
| MISSOURI DEPT. OF CORR., et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 501824), an inmate at Eastern Reception, Diagnostic and Correctional Center (ERDCC), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $36.67. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of

(1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $183.33, and an average monthly balance of $4.19. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $36.67, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose

of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

## The Complaint

Plaintiff, a prisoner, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights.  Named as defendants are: the Missouri Department of Corrections (MDOC); Terry Russell, the ERDCC warden; Nichole Blaha, a nurse, for

Correctional Medical Services (CMS); David Mullin , a CMS doctor; and John Crouch.

Plaintiff alleges that on May 17, 2010, he entered Capital Regional Medical Center for a cardiac catheterization. Plaintiff states while he was at the hospital, Crouch, a private doctor employed by the hospital, performed a triple by-pass operation on him without his permission. Plaintiff states that "[b]y being in the custody of Terry Russell and the MDOC, according to their rules and regulations, I could not research or review any medical procedures for my own health and well being." Plaintiff additionally asserts that "Dr. Mullin and practitioner Blaha failed to inform  me of needing a triple by-pass surgery; a surgery that they never proved I needed to have. Mullin and Blaha were very neglectful in overseeing my well-being."

Plaintiff seeks $2.5 million in "compensation for the mental and physical anguish" he has purportedly suffered for the "defendants involved in putting [his] health in jeopardy."

**Discussion**

Plaintiff's complaint fails to state a claim against MDOC because it is not a person subject to suit under § 1983 . E.g., Barket, Levy & Fine, Inc.  v.  St.  Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir.  1991). Also, plaintiff's conclusory allegations against the CMS defendants regarding their "neglectful medical care" fail to state a claim for relief under § 1983, as plaintiff has not alleged that he suffered an objectively serious medical need and that these particular defendants

-4-

knew of but deliberately disregarded that need. See, e.g., Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).  Rather, plaintiff's complaint alleges the exact opposite of a violation of the Eighth Amendment.  Plaintiff alleges that defendants took him to an outside medical facility for treatment and then provided that treatment.  Thus, it cannot be held that defendants were deliberately indifferent to his serious medical needs, even if plaintiff disagrees with the type of treatment he received.  See, e.g., Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).

Even if plaintiff's claims could be said to allege a constitutional violation, his claims against the CMS defendants would still fail to state a claim for relief under § 1983.  The complaint is silent as to whether the CMS defendants are being sued in their official or individual capacities.  Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming an official in his or her official capacity is the equivalent of naming the entity that employs the official.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  To state a claim against an official in his or her official capacity, plaintiff must allege that a policy or custom of his or her employer is responsible for the alleged constitutional violation.  Monell v. Dep't of Social Services, 436 U.S. 658, 690-91

(1978).  The instant complaint does not contain any allegations that a policy or custom of CMS was responsible for the alleged violations of plaintiff's constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted with respect to the CMS defendants.

Last, plaintiff's allegations against defendant Crouch under § 1983 must also fail as Crouch is not a state actor.  Section 1983 only imposes liability on government actors acting under color of state law.  42 U.S.C. § 1983.  "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law."  Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir.1999).  To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States."  Id.  Plaintiff has not alleged any such agreement between Crouch and the other defendants.  As such, plaintiff's allegations against Crouch fail to state a claim for relief.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $36.67 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will be filed separately.

Dated this 18th day of May, 2012.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE